GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California 94114
Telephone: (415) 404-6615
Fax: (415) 404-6616
gill@sperleinlaw.com

Attorney for Plaintiff
IO GROUP, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,

    Plaintiff,

vs.

JASON JORDON d/b/a nubian101.com,

    Defendant.

CASE NO.: CV 09 0884

COMPLAINT:

(1) COPYRIGHT INFRINGEMENT;
(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;
(3) VICARIOUS COPYRIGHT INFRINGEMENT; and
(4) INDUCEMENT OF COPYRIGHT INFRINGEMENT;

JURY TRIAL DEMANDED

## INTRODUCTION

1. This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Io Group's copyrights in its creative works by Defendant JASON JORDAN and to enjoin Defendant from future infringement. Defendant reproduced, distributed and publicly displayed,

-1-

through the website nubian101.com certain Titan Media-owned photographs and audiovisual works.

## THE PARTIES

2.  Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. Plaintiff operates and maintains a website by and through which its photographic and audiovisual works can be viewed by individuals who pay a monthly subscription fee.

3.  JASON JORDAN is an individual who resides in Temple Hills, Maryland who owns and operates an Internet website with the domain name nubian101.com. By and through nubian101.com, JORDAN engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

## JURISDICTION

4.  This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

5.  The Court has personal jurisdiction over Defendant. Defendant solicits, transacts, and is doing business within the State of California and has committed unlawful and tortuous acts both within and outside the State of California causing injury in

California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendant.

### INTRADISTRICT ASSIGNMENT

6. Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

### VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

### FACTS COMMON TO ALL CLAIMS

8. Plaintiff has won numerous awards for its high quality work, beginning with an award for Best Gay Video in its first year in existence (1995). Since then Plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography and Best Editing. Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica.

9. Each of the photographs and audiovisual works at issue in this action is of obvious high production value and is easily discernable as a professional work. The works were produced using professional performers, directors, cinematographers, lighting technicians, set designers and editors. Each work was created with professional grade camera, lighting and editing equipment.

10. Prior to distribution each of Plaintiff's audiovisual works is marked with Plaintiff's trademark (either TitanMedia, TitanMen, ManPlay or MSR Video), a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted, and a

statement as required by 18 U.S.C. §2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in San Francisco, California.

11. Defendant knew or should have known that Plaintiff's principle place of business is in San Francisco, California and that infringement of its works was likely to cause harm in California.

12. At various times, during regular inspections of Internet websites, Plaintiff's employees discovered and documented a number of Io Group, Inc. copyrighted works being publicly displayed and or distributed by and through nubian101.com.

13. Defendant, without authorization, copied, distributed and/or publicly displayed audiovisual works and photographs owned by and registered to Plaintiff.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT – 17 U.S.C. §501
Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

14. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 13, inclusive.

15. At all times relevant hereto, Plaintiff has been the producer and owner of the photographic and audiovisual works reproduced, distributed and publicly displayed by Defendant through nubian101.com.

16. For each of the works at issue in this matter, Plaintiff either holds a copyright registration certificate from the United States Copyright Office or has applied for a registration certificate.

### Defendant Willfully Infringed Plaintiff's Registered Copyrights

17. Plaintiff is informed and believes and based thereon alleges without authorization, Defendant JASON JORDAN, reproduced, distributed and publicly displayed by and through nubian101.com Plaintiff's work *Folsom Prison*.

18. Plaintiff did not authorize Defendant's copying, display or distribution of this or any Io Group, Inc. owned works.

### Defendant Willfully Infringed Plaintiff's Registered Copyrights

19. Defendant JORDAN infringed the copyrights in Plaintiff's creative work by reproducing, distributing and/or publicly displaying the work by and through nubian101.com without proper approval or authorization of Plaintiff.

20. Defendant JORDAN knew or should have known the infringed work belonged to Plaintiff and that he did not have permission to exploit Plaintiff's work.

21. Defendant JORDAN knew or should have known the work was a professional work and likely subject to copyright.

22. Defendant JORDAN knew he did not have permission to engage in any of the acts held exclusively by copyright holders.

23. Defendant JORDAN knew or should have known his acts constituted copyright infringement.

24. Defendant obfuscated the true identity of the ownership of the domain registration for nubian101.com by causing materially false registration information to be provided to the publicly available domain name registry.

Case4:09-cv-00884-PJH   Document1   Filed02/27/09   Page6 of 11

25.     Defendant JORDAN's conduct was willful within the meaning of the Copyright Act.

26.     As a result of his wrongful conduct, Defendant JORDAN is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

27.     Plaintiff is entitled to recover damages, which include its losses and any and all profits this Defendant has made as a result of his wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

28.     In addition, because the infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

29.     Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

30.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 29, inclusive.

31.     Defendant JORDAN owns and operates the website nubian101.com. In connection with the operation of this website, JORDAN allows individuals to register as member of the website without charge. JORDON invites registered members of his site to

-6-

COMPLAINT

supply him and the website with audiovisual files which he then reproduces, distributes and publicly displays by and through the website.

32. Registered members of nubian101.com, without Plaintiff's authorization, reproduced, distributed and publicly displayed by and through nubian101.com at least twenty-four (24) IO Group, Inc. photographs and at least five (5) video files with material belonging to Io Group.

33. At least nineteen (19) of the twenty-four (24) photographs contained Plaintiff's registered trademark mark and/or copyright notice.

34. As the creator, owner and operator of nubian101.com, Defendant JORDAN induced, caused and materially contributed to the infringing acts of the direct infringers by encouraging, inducing, allowing and assisting them to reproduce, distribute and display Plaintiff's works.

35. Defendant JORDAN had knowledge of the infringing acts relating to Plaintiff's copyrighted works.

36. The acts and conduct of Defendant JORDAN, as alleged above in this Complaint, constitute contributory copyright infringement.

### THIRD CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT

37. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 36, inclusive.

38. Defendant JORDAN as owner, creator and operator of nubian101.com, had the right and ability to control the infringing acts of the individuals who directly infringed Plaintiff's works.

39. Each act of infringement of Plaintiff's works served to draw new visitors to nubian101.com.

40. Defendant JORDAN earned revenue by selling advertising on nubian101.com directly next to the locations on the site displaying Plaintiff's infringed works.

41. Defendant JORDAN added moving picture advertisements that displayed at the end of the display of Plaintiff's moving picture works.

42. Defendant JORDAN obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed Plaintiff's works.

43. The acts and conduct of Defendant JORDAN, as alleged above in this Complaint constitute vicarious copyright infringement.

## FOURTH CAUSE OF ACTION
## INDUCEMENT OF COPYRIGHT INFRINGEMENT

44. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 43, inclusive.

45. Defendant JORDAN has designed, distributed, and made available technology and devices with the object and intent of promoting their use to infringe copyrighted materials. As a direct and proximate result of such inducement, Defendant

and the members of his website have infringed Plaintiff's copyrighted works by reproducing, distributing and publicly performing such works.

46. Each infringement by Defendant JORDAN of Plaintiff's copyrighted works, including, without limitation, each act of inducing a third party to infringe Plaintiff's works, constitutes a separate and distinct act of infringement.

47. Defendant JORDAN's inducements of infringement were willful, in disregard of and with indifference to the rights of Plaintiff.

## JURY DEMAND

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

## PRAYER

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1) That the Court enter a judgment against Defendant that he has:

    a. willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and

    b. otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against Defendant, and that Defendant, his agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with him, be enjoined and restrained from reproducing, distributing, publicly displaying or making

any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

(3) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendant's possession or under his control;

(4) That the Court order Defendant to pay Plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendant's willful infringement of Plaintiff's copyrights; and

(5) That the Court order Defendant to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(6) That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: *February 27, 2009*            Respectfully submitted,

                                      /s/ Gill Sperlein

                                      GILL SPERLEIN
                                      Attorney for Plaintiff, IO GROUP, INC.

## CERTIFICATION OF INTERESTED PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Bruce Lahey – majority shareholder of Io Group, Inc.

Brian Ashby – minority shareholder of Io Group, Inc.

Dated: 2/27/2009

Respectfully submitted,

GILL SPERLEIN
Attorney for Defendant IO GROUP, INC.